## NORTHERN PACIFIC R. R. CO., Appellant,

*v.*

## WELLS, FARGO & CO., Appellee.

## WELLS, FARGO & CO., Appellant,

*v.*

## NORTHERN PACIFIC R. R. CO., Appellee.

An appeal will not lie in this Territory from an order granting or modifying a temporary injunction.

Under our Organic Law, appeals can only be taken from final judgments, orders, and decisions.

This ruling is made in view of the conflicting opinions of the Judges and in deference to the former adjudication of this Court, and especially that established by *McCormick* v. *Walla Walla Columbia R. R. Co.*, Vol. 1, Washington Reports, p. 512.

Appeal from Third Judicial District, holding terms at New Tacoma.

On the 11th of December, A. D. 1882, Wells, Fargo & Company applied to the Judge of the District Court holding terms at New Tacoma for, and obtained, an *ex parte* interlocutory injunction against the Northern Pacific Railroad Company. The order granted enjoined the Northern Pacific Railroad Company, its agents, servants and employees, from ejecting Wells, Fargo & Company's messengers and express matter off the road of said defendant, then constructed and operated. It commanded the said Northern Pacific Railroad Company to receive upon and carry Wells, Fargo & Company's express messengers and express matter over the said Company's then unconstructed road, when the same should be thereafter constructed and operated. At that time, the defendant's road was not constructed through Montana, east of Missoula.

This *ex parte* order was mandatory, in so far as it applied to the then unconstructed portion of defendant's road. Immediately after the granting of said injunction, notice was served upon the defendant, and the defendant moved the Court to dissolve or modify said order.

On the 1st of September, 1883, the Court modified said order, so as to require the Northern Pacific Railroad Company to car-

ry Wells, Fargo & Company's express messengers and express matter within the limits covered by its then operated road, that is to say, from Puget Sound, in Washington Territory, to Missoula, in Montana Territory.

On the 4th of September, 1883, the said Court, without notice to said railroad company, suspended the order made by said Court on the 1st day of September, 1883, until the further hearing by the Court thereon; and on said 4th day of September, Wells, Fargo & Company appealed to this Court from the order of said Court modifying said original restraining order; and, on said day, said Northern Pacific Railroad Company appealed to said Supreme Court from the order of said Court refusing to dissolve said injunction entirely, and also from the order of said Court suspending said order.

After said appeals as aforesaid had been taken, and while said matters were pending in said Supreme Court, Wells, Fargo & Company moved the Court to reinstate the original restraining order; and, thereafter, in April, 1884, the Judge of said Court did reinstate said original restraining order. From this order said Northern Pacific Railroad Company duly appealed to this Court.

Counsel for Wells, Fargo & Company moved the Court to dismiss the appeal of the Northern Pacific Railroad Company, and also the cross appeal of Wells, Fargo & Co., for two reasons. First, that the statutes of the Territory did not authorize an appeal from an interlocutory order. Second, that under the Organic Act an appeal can be allowed from a final judgment only.

The motion was allowed, and the cause dismissed, and upon a rehearing the Court affirmed its judgment of dismissal.

*McNaught, Ferry, McNaught & Mitchell,* for N. P. R. R. Co.

The appeals in these cases are taken under Subdivision 3, of said Section 446; from orders granting an injunction, modifying an injunction, and refusing to dissolve an injunction. (Revised Statutes of Montana, 1879, 120, Sec. 408; *Rader* v. *Nottingham,* 2d Montana Reports, 157; *Chumasero* v. *Potts,* 2d Montana Reports, 242, 252, 253; *Howard* v. *Quinn,* 2d Montana Reports, 338; *Plaisted* v. *Nowlan,* 2d Montana Reports, 359; *Payne* v. *Davis,* 2d Montana Reports, 379; *Clark* v. *Gonu,* 2d Montana Reports, 538; Revised Statutes of Idaho, 1874–'5, 179, Sec. 437; *Alexander & Co.* v. *Leland et al.,* 1

Idaho Reports, 425; *Emery* v. *Langley*, 1 Idaho Reports, 694, 696; *Mathison* v. *Leland et al.*, 1 Idaho Reports, 712.)

Section 1869, U. S., is as follows: "Writs of Error, Bills of Exception and Appeals shall be allowed in all cases from the final decisions of the District Court to the Supreme Court of all the Territories, respectively, under such regulations as may be prescribed by law; but in no case removed to the Supreme Court shall trial by jury be allowed in that Court. The phrase 'limited by law,' in Section 1865 of the Organic Act, means as bounded, prescribed and defined by the Constitution and laws of the United States, legislative enactments of the Territory, and common law and chancery. Our Territorial Legislatures are not restrained by the Organic Act from permitting appeals from orders and decrees not final." (*Choteau et al.* v. *Rice et al.*, 1 Minn. 8; *Converse* v. *Burroughs and Prettyman*, 2 Minn. 229, marginal; *Rodgers* v. *Bradford*, 1 Pinney's Wis. 428; *Smith et al.* v. *Odell*, 1 Pinney's Wis. 449; *Rader* v. *Nottingham*, 2 Mont. 157; *Chumassero* v. *Potts*, 2 Mont. 242; *Howard* v. *Quinn*, 2 Mont. 338; *Plaisted* v. *Nowlan*, 2 Mont. 369; *Payne* v. *Davis*, 2 Mont. 379, 381; *Olark* v. *Gonu*, 2 Mont. 538; *Alexander & Co.* v. *Leland et al.*, 1 Idaho, 425; *Emery* v. *Langley*, I Idaho, 694; *Matthison* v. *Leland et al.*, 1 Idaho, 712; *Suffern* v. *Chisholm*, 1 Wash. Terr. 486; *California State Telegraph Co.* v. *Patterson*, 1 Nev. 150; *Esterbrook* v. *Upton*, 1 Nev. 398; *Meadow Valley M. Co.* v. *Dodds*, 6 Nev. 261; *Crawford* v. *Roberts*, 8 Or. 324; *Shephard* v. *Yocum*, 3 West Coast Rep. 83; *Rice* v. *Congress*, 54 Georgia, 678; *Rodgers* v. *Patterson*, 4 Paige, C. R. 450; *Harris* v. *Vandeveer's Executors*, 21 N. J. Eq. 450; *Clinton* v. *Englebrecht*, 13 Wall. 445, 446.)

*McNaught, Ferry, McNaught & Mitchell,* for Northern Pacific R. R. Co.

*J. R. Lewis,* for Wells, Fargo & Co.

Opinion by HOYT, Associate Justice.

We concur in the denial of the petition for a rehearing in this cause, as we did in the order dismissing the appeal, not because we are satisfied that an appeal will not lie from an order like the one in this case; for as a pure question of law, unin-

fluenced by any decision of this Court, we should doubtless come to the contrary conclusion. But owing to the peculiar constitution of the Supreme Court of this Territory, as it now exists, and to the unsettled state which would obtain as to the practice in the Territory if we were to hold that appeals will lie in cases like the one under consideration, and the other two members of said Court hold the contrary, we have come to the conclusion that the public interests will be best subserved if we treat this question as *stare decisis*, and allow the rule established by the case of *McCormick* v. *The W. W. & C. R. R.*, 1st Wash. Ty. Reports, 512, to stand as the settled law of the Territory.

I concur : GEORGE TURNER, Associate Justice.